UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. EDCV 12-01412-CJC(SPx)            Date: August 29, 2012

Title: <u>CITIMORTGAGE, INC. V. DEE DEE DIAZ, ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present                               None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT**

**Introduction and Background**

       On May 2, 2012, Plaintiff CitiMortgage, Inc. ("Citi") filed this state law claim of unlawful detainer against Dee Dee Diaz and Does I through X, inclusive, seeking less than $10,000 in damages. (Dkt. No. 1, Exh. A [Compl.].) The claim is related to the property at 11362 Essex Ct., Adelanto, CA. (*Id.* ¶ 1.) On August 22, 2012, Defendant Desiree Moa removed the action to federal court alleging federal question jurisdiction. (Dkt. No. 1 [Def's Not. of Removal].) For the following reasons, the Court, on its own motion, REMANDS this action back to state court.

**Discussion**

       In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 12-01412-CJC(SPx)          Date: August 29, 2012
         Page 2

---

under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

     Ms. Moa has failed to meet her burden to establish federal question jurisdiction under 28 U.S.C. § 1331. A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Citi's complaint asserts only a state law cause of action. Additionally, a defendant may not remove a case by asserting a defense based in federal law, and "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). As a result, Ms. Moa's demurrer, which alleges that Citi failed to comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, (Def.'s Not. of Removal ¶ 10), does not provide a basis for federal question jurisdiction. Accordingly, the Court lacks federal question jurisdiction, and this action must be remanded back to state court.

mtg

MINUTES FORM 11
CIVIL-GEN                                                            Initials of Deputy Clerk MU